IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) ) | Judge |
| ASC INSULATION, FIREPROOFING AND SUPPLIES, INC., an Illinois corporation, SERGIO CASTRO, individually, and LOURDES CASTRO, individually | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and Catherine Wenskus (hereinafter "Wenskus"), not individually but as Administrator of the Funds, by their attorneys Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, and Katherine C.V. Mosenson, for their Complaint against Defendants ASC Insulation, Fireproofing and Supplies, Inc., Sergio Castro, individually, and Lourdes Castro, individually, state:

### COUNT I

**(Failure to Submit Benefit Contributions)**

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant ASC Insulation, Fireproofing and Supplies, Inc. (hereinafter "ASC" or the "Company") is an Illinois corporation authorized with the Illinois Secretary of State to operate in Illinois. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Company and the Union have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 ("Agreement"). (Copies of the Company's Memorandum of Joint Working Agreement and the Independent Construction Industry Collective Bargaining Agreement which adopt and incorporate various area-wide Master Agreements between the Union and various employer associations, and also bind the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibits A and B.)

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the MWCC Industry Advancement Fund (the "MWCC"), the

CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. The Company is obligated to pay between 10% to 20% liquidated damages on late-paid contributions plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay contributions to Plaintiff Laborers' Pension Fund for the period of June 2018 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 2018 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay contributions to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of June 2018 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and/or pay contributions to Laborers' Training Fund for the period of June 2018 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to report and/or pay all contributions owed to one or more of the other affiliated funds identified above for the period of June 2018 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

12. The Company's actions in failing to timely submit reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant ASC Insulation, Fireproofing and Supplies, Inc.:

a. ordering the Company to submit and pay current benefit reports and contributions due and owing including interest and liquidated damages owed through the date of payment;

b. ordering the Company to submit its books and records to an audit for the period of March 1, 2018 forward and entering judgment in sum certain in Plaintiffs' favor and against Defendants for the amounts due on audit including unpaid contributions, interest, liquidated damages, accumulated liquidated damages on late-paid reports, audit costs, and Plaintiffs' attorneys' fees and costs; and

## COUNT II

### (Failure To Pay Union Dues)

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

14. Plaintiffs reallege and incorporate herein paragraphs 1 through 13 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit and pay dues reports for the period of June 2018 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment jointly and severally against Defendant ASC Insulation, Fireproofing and Supplies, Inc. ordering the Company to submit and pay current dues reports and dues, to submit its books and records to an audit upon demand for the period of March 1, 2018 forward and entering judgment in favor of the Funds and against the Company for the Union dues and liquidated damages owed together with all audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure to Pay Benefit Contributions)**

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

17. Plaintiffs reallege and incorporate herein paragraphs 1 through 13 of Count 1 and paragraphs 15 to 16 of Count II.

18. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, ASC has:

(a) failed to report and pay $102,642.74 in contributions owed to Plaintiff Laborers' Pension Fund for the audit period of June November 1, 2015 through February 28, 2018 (a true and accurate copy of the audit is attached hereto as Exhibit C), thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay $88,966.54 in contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay $37,777.50 in contributions owed to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay $4,436.00 in contributions owed to Laborers' Training Fund for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries;

(d) failed to report and pay $1,499.57 in contributions owed to the LDCLMCC Fund for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the

8

LDCLMCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

 (e) failed to report and pay $617.47 in contributions owed to LECET Fund for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the LECET Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

 (f) failed to report and pay $264.63 in contributions owed to MWCC Fund for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the MWCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

 19. Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company owes ten percent liquidated damages (twenty percent liquidated damages on Pension, Welfare, Retiree Welfare, and Training contributions after June 1, 2007) plus interest on all late or unpaid contributions. Accordingly, ASC owes $20,528.55 in liquidated damages to the Pension Fund, $17,793.31 in liquidated damages to the Welfare Fund, $7,555.50 in liquidated damages to the Retiree Welfare Fund, $887.20 in liquidated damages to the Training Fund, $149.96 in liquidated damages to the LDCLMCC Fund, $61.75 in liquidated damages to the LECET Fund, and $26.46 in liquidated damages to the MWCC Fund, plus interest, on the audit for the period of November 1, 2015 through February 28, 2018.

 20. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals

delinquencies. Accordingly, the Company owes $2,839.97 in audit costs to the Funds for the audit for the period of November 1, 205 through February 28, 2018.

21. The Company failed to submit timely benefit reports for the period of January 2017, November and December 2017, and January 2018. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust the Company owes $2,600.11 in accumulated liquidated damages on late-paid reports.

22. The Company's actions in failing to submit payment of benefit contributions violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment in favor of the Funds against Defendant ASC Insulation, Fireproofing and Supplies, Inc.:

a. for the amounts due on the audit for the period of November 1, 2015 through February 28, 2018 including contributions, interest, liquidated damages, audit costs, accumulated liquidated damages on late-paid reports, and attorneys' fees and expenses; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Union Dues)

For a cause of action by Plaintiffs against Defendant ASC Insulation, Fireproofing and Supplies, Inc.:

23. Plaintiffs reallege and incorporate herein paragraphs 1 through 13 of Count 1, paragraphs 15 to 16 of Count II, and paragraphs 18 to 22 of Count III.

24. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

25. Notwithstanding the obligations imposed by the Agreement, the Company failed to withhold and/or to remit to the Union $13,978.95 in dues that where or should have been withheld from the pay of employees performing or subcontracting covered work under the terms of the Agreement for the audit period of November 1, 2015 through February 28, 2018, thereby depriving the Union of income and information.

26. The Company failed to submit timely payment of dues reports for the period of January through June 2017, August through November 2017, and March and April 2018. Under the terms of the Agreement, the Company owes $2,700.05 in accumulated liquidated damages on late-paid dues reports.

27. Pursuant to the Agreement, the Companies are liable to the Funds for the unpaid union dues, as well as $1,397.90 in liquidated damages, audit costs, accumulated liquidated damages on late-paid reports, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against ASC Insulation, Fireproofing and Supplies, Inc.:

a. for the dues and liquidated damages due and owing on the audit for the period of November 1, 2015 through February 28, 2018 including liquidated damages, accumulated

liquidated damages on late-paid reports, Plaintiffs' audit costs and their reasonable attorneys' fees and costs; and

  b.  awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT V

### (Liability as Individual Guarantors of Debt)

For a cause of action by Plaintiffs against Defendants Sergio Castro and Lourdes Castro:

  28.  Plaintiffs reallege and incorporate herein paragraphs 1 through 13 of Count 1, paragraphs 15 to 16 of Count II, and paragraphs 18 to 22 of Count III, and paragraphs 24 through 27 of Count IV.

  29.  This Court has pendant jurisdiction over this Count pursuant to 28 U.S.C. § 1367(a).

  30.  Defendant Sergio Castro is and was at all times relevant an Officer and Shareholder of ASC.

  31.  Defendant Lourdes Castro is and was at all time relevant an Officer and Shareholder of ASC.

  32.  ASC entered in relevant part into an Installment Note ("Note") and Guaranty of Payment and Indemnification ("Guaranty") to resolve delinquencies alleged due and owing on an audit of the Company's books and records for the period of June 1, 2014 through October 31, 2015. True and accurate copies of the Note and Guaranty are attached hereto as Exhibits D and E.

33. Pursuant to the terms of the Guaranty, Defendants Sergio Castro and Lourdes Castro agreed to be personally liable for any amounts that were due or come due during the terms of the Note.

34. The last payment made on the Note was June 14, 2018. Under the terms of the Note and Guaranty, Defendants Sergio Castro and Lourdes Castro are liable for all amounts due up and through June 14, 2018 as alleged in Counts I through IV of Plaintiffs' Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Funds and against Defendants Sergio Castro and Lourdes Castro, jointly and severally, for all amounts due and owing from the Company to the Funds and the Union for work performed through June 14, 2018 as established in Counts I through IV of Plaintiffs' Complaint.

## COUNT IV

## (Fraud)

For a cause of action by Plaintiffs against Defendants Sergio Castro and Lourdes Castro:

35. Plaintiffs reallege and incorporate herein paragraphs 1 through 13 of Count 1, paragraphs 15 to 16 of Count II, paragraphs 18 to 22 of Count III, paragraphs 24 through 27 of Count IV, and paragraphs 29 through 34 of Count V.

36. Defendant s Sergio Castro and Lourdes Castro were responsible for the day-to-day operation and management of ASC at all times relevant including, but not limited to, the direction of work performed by the Company, the recording of hours worked by individuals performing work defined as covered under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, and the submission and payment of benefit and dues reports to the Funds and the Union.

37. Defendants Sergio Castro and Lourdes Castro intentionally and knowingly caused to be submitted false benefit and dues reports systematically under-reporting work performed by individuals performing work defined as covered under the terms of the collective bargaining agreement throughout the audit period of November 1, 2015 through February 28, 2018.

38. Signatory contractors are required to submit monthly benefit contribution reports on the tenth day of the month following the month in which covered work was performed identifying the numbers of hours worked by individuals who perform covered work under the terms of the Agreements. The Company submitted its benefit forms electronically at the direction of and through the control of Sergio and Lourdes Castro. Electronic benefit reports submitted to the Funds provide in relevant part:

**EMPLOYER'S WARRANTY AND ACCEPTANCE:** By electronically filing this report, the employer hereby warrants that this report accurately states all hours worked by all laborers in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Construction and General Laborers' District Council of Chicago and Vicinity and the relevant Multi Employer Associations. Further, the employer hereby expressly accepts and agrees to be bound by the trust agreements governing the Laborers' Pension and Welfare, et al. and accepts all of the terms thereof with the intention of providing benefits to its laborers.

39. The dues report forms also contain a warranty clause which provides:

**EMPLOYER'S WARRANTY AND ACCEPTANCE:** By the submission of this report, Employer expressly warrants and affirms that this report accurately states all hours worked by the Employer's laborer employees. By signing this report, the Employer hereby accepts, adopts and agrees to be bound by the terms and conditions of the Independent Construction Industry Collective Bargaining Agreement with the Construction and General Laborers' District council of Chicago and Vicinity (the "Union") and any extension, renewal, modification or amendment of that Agreement.

40. Defendants Sergio Castro and Lourdes Castro knowingly signed and submitted or caused to be submitted false benefit contribution and dues reports to the Funds and the District

14

Council on behalf of the Company for the period of November 1, 2015 through February 28, 2018. Specifically, Sergio Castro and Lourdes Castro intentionally excluded all hours of work performed by individuals performing work defined as covered under the terms of the collective bargaining agreement and systematically reported fewer hours than actually worked by the Company's laborers during that time period. True and accurate copies of the benefit reports submitted by ASC or directed to be submitted by ASC by Defendants Sergio Castro and Lourdes Castro during the relevant time period are attached hereto as Exhibit G.

41. The Funds and the District Council relied to their detriment on the false reports submitted by ASC at the direction of Defendants Sergio Castro and Lourdes Castro. Specifically, if the District Council had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions for work performed on the Company's projects, the District Council would have taken all lawful steps permitted under the Agreement including, but not limited to, taking job actions against the Company and filing the appropriate lawsuit. If the Funds had been aware that the Company had failed to pay and report the proper wages, dues and benefit contributions, the Funds would have been precluded from crediting hours for the incomplete reports submitted by the Company at the direction of the Defendants and would have commenced the appropriate lawsuit at an earlier date. Thus, by submitting false reports, Defendants Sergio Castro and Lourdes Castro enabled the Company to continue to operate resulting in a benefit to the Defendants and increasing the liabilities owed by the Defendants to the Funds and the District Council.

42. The Funds, the District Council and the plan participants have suffered harm as a direct result of the false benefit and dues reports submitted by the Defendants. Specifically, the

Funds and the District Council have incurred unpaid benefit contributions, dues, interest, liquidated damages and audit costs. The Funds have also provided benefit coverage to individuals based on the submission of the incomplete and false reports. Said coverage would not have been provided had the Funds been aware that the reports were false and incomplete. In the event that the Funds are unable to obtain full recovery of all amounts due from the Defendants, the Funds may become underfunded.

43. Defendants Sergio Castro and Lourdes Castro benefited from the submission of false reports by being enabled to continue the operations of the Company and to obtain financial gain including payment of wages and dividends as a result of the continued operations of the Company. Thus, individual Defendants Sergio Castro and Lourdes Castro obtained a direct financial gain as a result of the submission of false benefit and dues reports.

44. Defendants Sergio Castro and Lourdes Castro are personally liable for any unpaid benefit contributions, dues, interest, liquidated damages, and audit costs revealed as due and owing pursuant to the audit of the Company's books and records for the period of November 1, 2015 through February 28, 2018.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants Sergio Castro and Lourdes Castro, jointly and severally, for alleged amounts alleged due on the audit for the period of November 1, 2015 through February 28, 2018 as alleged in Counts III and IV of Plaintiffs' Complaint.

August 14, 2018                                              Laborers' Pension Fund, et al.

                                                             By: /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540